IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. GREJEDA, et al.,<br><br>    Defendants. | No.  2:24-CV-0457-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for reconsideration of the Court's November 12, 2024, order.  See ECF No. 23.  Defendants have filed an opposition.  See ECF No. 23.

       The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent

1

1    manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665

2    (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied,

3    486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th

4    Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

5           Under Rule 60(a), the Court may grant reconsideration of final judgments and any

6    order based on clerical mistakes.  Relief under this rule can be granted on the Court's own

7    motion and at any time.  See Fed. R. Civ. P. 60(a).   However, once an appeal has been filed and

8    docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

9    pending.  See id.

10          Under Rule 60(b), the Court may grant reconsideration of a final judgment and

11   any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

12   discovered evidence which, with reasonable diligence, could not have been discovered within ten

13   days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.

14   See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be

15   brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P.

16   60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is

17   void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been

18   reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any

19   other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration

20   on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

21

22                                    **I. BACKGROUND**

23          Plaintiff initiated this action with a pro se complaint filed on February 12, 2024.

24   See ECF No. 1.  The Court ordered service of the complaint on March 13, 2024.  See ECF No. 8.

25   Defendants responded by way of a motion to dismiss filed on June 17, 2024.  See ECF No. 14.

26   On September 23, 2024, the Court issued findings and recommendations that Defendants' motion

27   to dismiss be granted, that Plaintiff's due process claim be dismissed with leave to amend, and

28   that Plaintiff be provided an opportunity to file a first amended complaint or proceed on the

original complaint as to otherwise cognizable claims. See ECF No. 20. The District Judge adopted the findings and recommendations in full on November 12, 2024. See ECF No. 22. The November 12, 2024, order directed that any first amended complaint was due within 30 days of the date of the order. See id. Plaintiff seeks reconsideration of the District Judge's November 12, 2024, order. See ECF No. 23.

## II.  DISCUSSION

In the pending motion for reconsideration, Plaintiff appears to believe that the November 12, 2024, order required Plaintiff to file a first amended complaint which cites case law and authority to support a due process claim. See ECF No. 23. In that event, Plaintiff is mistaken. The November 12, 2024, order advised Plaintiff of the applicable legal standards and concluded that, as currently pleaded, the original complaint does not include sufficient factual allegations to support a due process claim. See ECF Nos. 20 (findings and recommendations) and 22 (District Judge's order). The Court is not requiring Plaintiff to provide citations to case law or other authority. Instead, the Court is providing Plaintiff the opportunity to file an amended complaint which asserts additional facts to present a plausible due process claim. See id. The November 12, 2024, order also specifies that Plaintiff may elect not to amend and instead proceed on the original complaint as to otherwise cognizable claims. See id. Plaintiff's misunderstanding of the Court's order does not present circumstances warranting reconsideration, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct of an opposing party.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Plaintiff's motion for reconsideration, ECF No. 23, be denied.

2. Plaintiff be provided additional time to file a first amended complaint consistent with the Court's November 12, 2024, order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE